IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PREMIUM BALLOON ACCESSORIES, INC., ) | |
| ) | CASE NO.: 1:16-cv-1100-DCN |
| PLAINTIFF ) | |
| ) | JUDGE DONALD C. NUGENT |
| V. ) | |
| ) | |
| CONTROL PLASTICS, INC., ) | |
| ) | |
| DEFENDANT ) | |

## DECLARATION OF DAVID C. NELSON

I, David C. Nelson, do hereby make this declaration under penalty of perjury and pursuant to 28 U.S.C. § 1746:

1. I am the President and CEO of Premium Balloon Accessories, Inc. ("Premium"), and in my capacity as stated, have personal knowledge of the following facts.

2. In February of 2015, I first noticed that Control Plastics, Inc. ("Control") had changed its mark to be confusingly similar to Premium's federally registered marks. Control's changed mark is pictured in Exhibit 11 to the Complaint, a copy of which is attached to my declaration.

3. On March 11, 2015, I called Howard Mullin, believed by me to be the "President" of Control, and expressed my concerns regarding the many similarities in Control's changed mark to those of Premium. He assured me that Control would be acting to come up with a mark that did not have so many similarities. A copy of my follow-up email correspondence to that conversation is attached as Exhibit 6.

4. On April 23, 2015, I again contacted Howard Mullin, who told me that he was "working on it" and going to "run everything past an attorney so we don't have any issues on what is done." A copy of that email correspondence is attached as Exhibit 7.

5. On August 3, 2015, I again sought reassurance that Howard Mullin would be addressing my concerns regarding the similarities between Premium's mark and Control's new mark. A copy of my email correspondence is attached as Exhibit 8.

6. On September 25, 2015, more than six months after I first contacted Howard Mullin, I received a letter from Control's counsel who wrote to me telling me that that "the differences between the two marks outweigh the similarities" and that "there is no need for [Control] to change the design of its mark." A copy of the correspondence that I received is attached as Exhibit 9.

7. On February 22 and 23, 2016, I again contacted Howard Mullin in an attempt to resolve the matter directly. A copy of the correspondence sent by me is attached as Exhibit 13.

8. Upon information and belief, since my first contact with Howard Mullin in March of 2015 through today, Control has continued to and expanded its use of the mark of Exhibit 11 to the Complaint.

I declare under penalty of perjury the foregoing is true and correct.

I declare further that all statements made herein of my own knowledge are true; and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine, or imprisonment, or both, under Section 1001 of Title 18 of the United States Code.

Date: Sept. 27, 2016

David C. Nelson