**EXHIBIT 9**




Thomas E. Moore III
tmoore@rroyselaw.com
650-521-5737

September 25, 2015

**VIA EMAIL**

Mr. David C. Nelson
President and CEO
Premium Balloon Accessories
E-Mail dcnelson@coolaire.com

**Re: Control Balloon Accessories Trademark**

Dear Mr. Nelson:

I represent Control Balloon Accessories. They have asked me to review the similarities and differences between the two trademarks, shown below:







While one might identify a number of similarities, none of those similarities are sufficiently distinctive under the law of trademarks to make any difference. For example, both marks show four balloons tethered together. Images of balloons are generic in the balloon industry, just as grape leaves are generic in the wine industry. (see *Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery*, 150 F.3d 1042, 1048, (9th Cir. 1998) (autumnal grape leaf design is generic); see also T. McCarthy, *McCarthy on Trademarks*, § 7:36, at 7-62 (4th ed. 1997) ("A pictorial representation on a label may be so commonplace as to be incapable of creating a separate commercial impression in a buyer's mind. For example, a picture of a chef and a salad bowl on a food label....")). The colors of the balloons are also generic, in that the colors are simply the primary colors plus green. (*Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 212 (2000) (color is not inherently distinctive)). Similarly, the words, "balloon accessories" are generic and cannot be claimed as distinctive by any firm in the balloon accessories industry.

**EXHIBIT 9**



In fact, from the perspective of trademark law, the differences between the two marks outweigh the similarities. The dominant feature in each mark is the word mark itself: "Control" and "Premium." The differences between the word marks are highlighted by different fonts and the large capital "C" that begins the word "Control." The placement and display of the balloons also differentiate the two marks. In the Control mark, the balloons are tethered on the same level and anchored to the second "o" in "Control." In the Premium mark, the balloons are tethered at different heights and anchored to balloon weight with a smiley face.

Because the differences outweigh the similarities, the likelihood of consumer confusion appears to be remote, and there is no need for my client to change the design of its mark. If, however, you have become aware of any actual consumer confusion, then please forward the evidence of such actual confusion to my client and me, and we will reconsider the foregoing.

Very truly yours,

Thomas E. Moore III

Thomas E. Moore III

cc: Mr. Howard Mullin
Ms. Susan Mullin