

**EXHIBIT 12**

Thomas E. Moore III
tmoore@rroyselaw.com
650-521-5737

January 5, 2016

**VIA EMAIL**

Ray L. Weber, Esq.
Renner Kenner
106 South Main Street
Akron, OH 44308

Re: Control Balloon Accessories Trademark

Dear Mr. Weber:

Please forgive the delay in replying to your letter of November 3, 2015. My client and I did not reply because your letter did not state anything new. It is fundamental that, in making a determination of the likelihood of confusion, the marks must be compared in their entirety. In each mark, the dominant design feature is the company name. In my client's mark, the dominant feature is "Control" and in your client's mark, it is "Premium," as follows:

 

There are similarities (noted in your letter) and differences (noted in mine), but unless one assumes that a consumer will somehow fail to notice that the company names are completely different, the likelihood of confusion is negligible, and a case for trademark infringement cannot be made.

Your letter references the second comer doctrine. That doctrine only applies to situations in which the first mark is highly distinctive, and the second comer copies those highly distinctive elements in its mark. That doctrine has no application here because

Ray L. Weber, Esq.  
January 5, 2016  
Page 2

**EXHIBIT 12**

Premium's use of balloons in the balloon accessories market is not a highly distinctive element.

    In the absence of anything more persuasive, Control intends to continue to use its mark.

                        Very truly yours,

                        Thomas E. Moore III

cc:    Mr. Howard Mullin  
        Ms. Susan Mullin